IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Rivera-Rodriguez, #37083-060,<br><br>       Petitioner,<br><br>vs.<br><br>Warden Bryan K. Dobbs,<br><br>       Respondent. | C/A No. 1:20-cv-3991-JFA-SVH<br><br><br><br><br><br>**ORDER** |

### I.  INTRODUCTION

*Pro se* petitioner Eric Rivera-Rodriguez ("Petitioner"), a federal prisoner, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the Petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this petition should be dismissed without prejudice and without requiring the respondent to file a return. (ECF No. 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Within his petition, Petitioner seeks to avail himself of the savings clause within 28 U.S.C. § 2255(e)[2] based on the recent Supreme Court decision in *U.S. v. Davis*, 139 S. Ct. 2319 (2019). Within the Report, the Magistrate Judge held that that Petitioner failed to satisfy the savings clause of 28 U.S.C. § 2255(e) because he could not show that he relied on a substantive change in the law that rendered the conduct for which he was convicted not criminal.

In response, Petitioner filed objections on December 11, 2020. (ECF No. 12). Accordingly, this matter is ripe for review.

## II.     LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

---

[2] A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Petitioner's sole objection to the Report amounts to a mere disagreement with the Magistrate Judge's conclusion that *U.S. v. Davis*, 139 S. Ct. 2319 (2019) is inapplicable here. Specifically, the Report states that in "*Davis*, the Supreme Court held 18 U.S.C. § 924(c)(3)(B), defining a 'crime of violence,' to be unconstitutionally vague. However, Petitioner was not convicted under § 924(c)." (ECF No. 9, p. 5).

Petitioner offers no argument or support to counter this conclusion. Instead, Petitioner merely asserts that "[w]hen a new rule of law is announced like Davis, 139 S.Ct. 2319 (2019) unlawfully imprisoning a defendant while providing no avenue for relief would present a significant Fifth Amendment Due Process issue." (ECF No. 12, p. 2). This objection fails to address the Report's conclusion that *Davis* is inapplicable here and therefore must be overruled. Because Petitioner fails to meet the savings clause, this court lacks jurisdiction to consider the instant petition.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Reports and Recommendations. (ECF No. 9). Petitioner's petition is dismissed without prejudice because this court lacks jurisdiction.

Further, because Petitioner has failed to make a "substantial showing of the denial of constitutional right," a certificate of appealability is denied. 28 U.S.C. §2253(c)(2). [3]

IT IS SO ORDERED.

March 19, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).